THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR10-0270-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| SUNG HO KIM, | |
| Defendant. | |

This matter comes before the Court on Defendant Sung Ho Kim's motion for early termination of his supervised release (Dkt. No. 42). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

I. **BACKGROUND**

On April 29, 2011 Kim pled guilty to one count of bank fraud and one count of aggravated identity theft. (Dkt. No. 29 at 1.) On July 29, 2011, the Court sentenced Kim to 36 months imprisonment, to be followed by 5 years of supervised release. (Dkt. No. 38.) Kim's supervised released began in October 2013. (Dkt. No. 42-1 at 2.) Kim motions the Court to terminate his supervision approximately a year and a half early. (Dkt. No. 42 at 3.) Both the Government and Kim's probation officer oppose the motion. (Dkt. Nos. 44 at 1, 42 at 2.)

II. **DISCUSSION**

The Court must consider several factors in its evaluation of early termination, including

the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, and the need to avoid disparity. 18 U.S.C. § 3583(e). "[o]ccasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

Kim was convicted of stealing the identities of more than 70 clients at his insurance agency, and using the stolen identities to make over $350,000 in fraudulent credit card transactions. (Dkt. No. 44 at 1.) As part of Kim's sentence, he was ordered to pay $286,059.23 in restitution, more than $250,000 of which is still owing. (Dkt. Nos. 38 at 4, 44 at 4.) Although Kim did not have any prior criminal convictions, his conduct in this case caused significant damage. Since his release from custody, Kim has had no supervision violations, has successfully reintegrated into the community, is working, and satisfied monthly restitution payments. (*Id.*)

Notwithstanding Kim's good conduct on probation, the Court concludes early termination of Kim's supervised release is not appropriate under the circumstances. Kim has complied with the conditions of supervision, but has not demonstrated exceptionally good behavior that would warrant early termination. The Court expects probationers not to violate the terms of release—Kim's good behavior, while commendable, is not exceptional. Moreover, while Kim has made routine restitution payments, he has a substantial balance owing. *See United States v. Oak*, 398 Fed Appx. 274, 275 (9th Cir. 2010) (unpublished) (finding no abuse of discretion for a court's refusal to terminate supervision where restitution is still owing).

Kim has also not demonstrated a change of circumstances that would warrant early termination. Kim's argument for early termination is based entirely on his good behavior before and after conviction, and he does not point to any changes in his circumstances that justify the

Court to reconsider his period of supervision. Kim does not appear to be having any trouble complying with the conditions of release or paying his restitution. Because Kim has not demonstrated any change in his circumstances, the Court does not perceive any hardship if he were to continue on supervised release.

Consideration of the 18 U.S.C. § 3553(a) factors and the interests of justice do not support Kim's request for early termination of his supervised release.

### III. CONCLUSION

For the foregoing reasons, Mr. Kim's motion for early termination of his supervised release (Dkt. No. 42) is DENIED.

DATED this 8th day of November 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE